**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4804**
_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

LUIS ALBERTO VILLAREAL-MARRERO, a/k/a Gordo Cacheton, a/k/a Weez,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.　Raymond A. Jackson, District Judge.　(4:13-cr-00048-RAJ-DEM-1)

_____

Submitted:　April 22, 2014　　　　　Decided:　June 2, 2014

_____

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Nicholas J. Xenakis, Research & Writing Attorney, Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Eric M. Hurt, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Villareal-Marrero appeals the 216-month sentence imposed by the district court following his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2012). On appeal, Villareal-Marrero argues that the district court erred by applying a four-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2012) for his role as an organizer or leader of the criminal activity. After careful review of the record, we affirm.

The district court's determination that a defendant is an organizer or leader in the offense is a factual finding reviewed for clear error. United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). To qualify for a four-level increase, a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors that distinguish an organizational or leadership role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

2

USSG § 3B1.1 cmt. n.4.

Here, Villareal-Marrero controlled the activities of several coconspirators, directing them to count the money collected, deposit it into his bank accounts, and, on at least one occasion, to collect money directly from a customer. These individuals allowed him to lease his residence and purchase antique vehicles in their names, and to conduct drug transactions at their property. Moreover, as the district court concluded, the distribution of the cocaine could not have occurred without Villareal-Marrero because he was in direct contact with the supplier. On these facts, we cannot conclude that the district court clearly erred when it found Villareal-Marrero to be a leader or organizer.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED